JS 44 (Rev. 4-29-21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ZURICH AMERICAN INSURANCE COMPANY

### DEFENDANTS
ACCIDENT FUND INSURANCE COMPANY OF AMERICA

**(b)** County of Residence of First Listed Plaintiff: **New York**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Ingham**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Coughlin Midlige & Garland, LLP
88 Pine Street - 28th Floor
New York, NY 10005

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

Does this action include a motion for temporary restraining order or order to show cause? Yes [ ] No [✓]

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [x] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332, §2201 and §2202

Brief description of cause:
Declaratory Judgment action for insurance coverage as to additional insured coverage,duty to defend,duty to indemnify&reimbursement of defense

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 11/4/2022
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, Gabe Darwick, counsel for Zurich American Insurance Co, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☑ the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

Zurich American Insurance Company is a wholly owned subsidiary of Zurich Holding Company of America, Inc.,a Delaware corporation. Zurich Holding Company of America, Inc. is wholly owned byZurich Insurance Company Ltd,a Swiss corporation. Zurich Insurance Company Ltd is directly owned by Zurich Insurance Group Ltd,a Swiss corporation. Zurich Insurance Group Ltd is the only publicly

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 1(c)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County? ☐ Yes ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? ☐ Yes ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? ☑ Yes ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received: N/A

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ☐ Yes ☐ No

(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☑ Yes ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes (If yes, please explain ☑ No

I certify the accuracy of all information provided above.

Signature: _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) |
|---|---|
| *Plaintiff(s)* | ) ) ) ) ) ) |
| v. | ) Civil Action No. |
| *Defendant(s)* | ) ) ) ) ) ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ACCIDENT FUND INSURANCE COMPANY OF AMERICA<br><br>Defendant. | Case No.: 22-6739<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT and DAMAGES** |

Plaintiff, Zurich American Insurance Company ("Zurich"), by way of Complaint for Declaratory Judgment and for Damages against Defendant, Accident Fund Insurance Company of America ("Accident Fund"), alleges on knowledge as to its own actions and otherwise upon information and belief as follows:

## NATURE OF THE ACTION

1. This declaratory judgment action arises from a tort claim filed and pending in the Supreme Court of the State of New York, County of New York, captioned *Cleidson Madeira Dasilva v. Gilbane Building Company, et al.*, Index. No. 526129/2019, Supreme Court, County of Kings ("Dasilva Action").

2. In the underlying complaint, plaintiff Cleidson Madeira Dasilva ("Claimant") alleges that he was injured while conducting work at the premises located at 240 Albee Square, Brooklyn, New York ("the Premises").

3. Zurich issued a commercial general liability policy to named insured Gilbane Building Company ("Gilbane") under policy number GLO 0122244-00, effective March 13, 2017 to March 13, 2022 ("Zurich Policy").

1

2210596_1.docx

4.	Zurich has been providing a defense to Gilbane and JEMB Albee Square, LLC ("JEMB") in the Dasilva Action under the Zurich Policy (collectively, Gilbane and JEMB are referred to as "Zurich Insureds").

5.	Accident Fund issued a commercial general liability policy to named insured Construction Safety Realty Group, Inc. ("CRSG"), bearing policy number FTL 1000016-00, effective May 22, 2019 to May 22, 2020 ("Accident Fund Policy").

6.	Zurich has demanded that Accident Fund acknowledge the additional insured status of the Zurich Insureds in connection with the Dasilva Action.

7.	Accident Fund has denied coverage to the Zurich Insureds in connection with the Dasilva Action.

8.	Zurich has filed this declaratory judgment action seeking, inter alia, a declaration that: (a) the Zurich Insureds qualify as additional insureds under the Accident Fund Policy; (b) Accident Fund has a duty to defend the Zurich Insureds, on a primary and non-contributory basis, for the claims made in the Dasilva Action; (c) Accident Fund has an obligation to indemnify the Zurich Insureds, on a primary and non-contributory basis, for liability in the Dasilva Action that comes within the scope of the additional insured coverage provided by the Accident Fund Policy; and (d) Accident Fund has a duty to reimburse Zurich for the defense costs and expenses it has and will incur in the defense of the Zurich Insureds in the Dasilva Action because of Accident Fund's wrongful refusal to provide additional insured coverage.

**PARTIES**

9.	Plaintiff Zurich is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, New

York 10007, and a main administrative office or principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.

10. Upon information and belief, defendant Accident Fund is a Michigan corporation with a principal place of business located at 200 N. Grand Street, P.O. Box 40790, Lansing, Michigan 48901.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, §2201 and §2202 because: (i) there is an actual controversy between the parties; (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (iii) the matter is between citizens of different states.

12. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

**The Dasilva Action**

13. On or about November 19, 2019, the complaint in the Dasilva Action was filed, alleging violations of New York Labor Law §§ 200, 240, 241(6), as well as common law negligence.

14. The Dasilva Action arises from an alleged incident that occurred on August 2, 2019 at the Premises, which was under construction.

15. In the Dasilva Action, the Claimant alleges that he was injured at the Premises while "constructing, excavating, demolishing, painting, repairing and/or altering" the Premises.

16. The Dasilva Action alleges that Claimant was injured "when his right foot and leg fell into an unprotected hole" at the Premises.

17. The Dasilva Action alleges that the Claimant suffered "serious and permanent injuries as a result of an unsafe work environment."

18. The Dasilva Action alleges that each of the defendants, including CRSG, exercised supervision and/or control over the claimant's work and the allegedly dangerous condition.

19. The Dasilva Action further alleges, that Claimant's alleged negligence "was caused wholly and solely through the negligence of the defendants herein, their agents, servants, workers and/or employees in that they failed to provide [Claimant] with a reasonably safe premises or work area . . . ."

20. Zurich Insureds answered the complaint and filed cross-claims against defendants CRSG and Rossi Corporation.

21. The Dasilva Action is currently pending in the Supreme Court, Kings County.

**Contract between JEMB and Gilbane**

22. Gilbane and JEMB entered into a Construction Management Agreement.

23. Pursuant to the Construction Management Agreement, Gilbane was obligated to name JEMB as an additional insured on a primary and non-contributory basis.

**Subcontract between Gilbane and CRSG**

24. Gilbane entered into a subcontract with CRSG dated February 27, 2018, for site safety work at the Premises ("Subcontract"). A copy of the Subcontract is attached as Exhibit "1".

25. Gilbane opted for a Contractor Controlled Insurance Program ("CCIP") for work at the Premises. The terms of the CCIP are outlined in the Gilbane CCIP Manual ("CCIP Manual"). A copy of the CCIP Manual is attached as Exhibit "2".

26. CRSG was not an enrolled subcontractor under the CCIP.

27. Section 1.13.1 of the Subcontract provides as follows:

> The insurance requirements outlined under ARTICLE 3 of this Contract Agreement are herein replaced with the insurance requirements outlined in Contractor Controlled Insurance Project (CCIP) Manual made part of the contract documents. Trade Contractor will be excluded from enrolling in the CCIP and shall provide evidence of insurance per the requirements contained in the CCIP manual for EXCLUDED parties.

28. The CCIP Manual's Insurance Requirements for excluded contractors provide as follows:

> **5.0 INSURANCE COVERAGE**
> \*\*\*
> **5.3 Exclusion of Subcontractors from the CCIP**
> The Sponsor has the right to exclude Subcontractors of any tier from participating in the CCIP. *Such Non-participating Subcontractors, who will not be covered under the CCIP, must comply with the insurance requirements outlined in the Contract and the excluded contractors section of the insurance manual.*[1] On-site coverage would be solely based on the contractor's primary insurance policy and no exclusions should affect coverage. Any applicable exclusions must be removed and or amended to not affect primary coverage.
>
> *NOTE: Wrap-Up/Consolidated Insurance Program Exclusions must not contain any variation of the wording: "Involved" and or "Allowed to enroll"*
> \*\*\*
> **6.0 SUBCONTRACTOR INSURANCE REQUIREMENTS**
> Subcontractors of any tier are required to maintain insurance coverage that protects the Sponsor from liabilities arising from the Subcontractor of any tier's operations performed away from the project site, for types of coverage not provided by the CCIP, and for operations performed in connection with excluded parties operating under your control or direction.
>
> Verification of insurance shall be submitted in the form of a Certificate of Insurance on a standard ACORD Form 25-S and the required and applicable endorsements to the listed policies. A sample of an acceptable Certificate of Insurance and other documentation is provided for your review in the Appendix.
>
> Subcontractors are responsible for monitoring their lower tier Subcontractors insurance documents, whether enrolled or excluded. The Sponsor reserves the right

---

[1] Emphasis added.

to disapprove the use of Subcontractors unable to meet the insurance requirements. Certificates evidencing compliance shall be submitted to Sponsor.

The limits of liability shown for the insurance required of the Subcontractor are minimum limits only and are not intended to restrict the liability imposed on the Subcontractors for Work performed under their Contract.

Subcontractors of any tier agree to obtain and maintain during the life of this contract the following minimum insurance requirements. Subcontractors of any tier shall pay the premiums required for such insurance.

***

29. The CCIP Manual further requires that CRSG procure the following insurance:
***

**6.2 General Liability**

This insurance shall include coverage for bodily injury, property damage, and personal injury with no less than the following limits:

| **General Liability and Excess Liability** | | |
|---|---|---|
| General Aggregate | **Enrolled** | **Excess** |
| Products/ Completed Operations | $ | $ |
| Personal/ Advertising Injury | $ | $ |
| Each Occurrence Limit | $ | $ |
| Medical Expense | $ | $ |
| Excess Liability | $ | $ |

***

*Enrolled Subcontractors shall provide evidence of general liability insurance for "off-site" activities. Excluded Subcontractors shall provide evidence of general liability insurance applicable to "on-site" and "off-site" activities.*

A certificate of insurance evidencing this coverage shall be provided to the CCIP Administrator. <u>This insurance shall be endorsed to name Gilbane Building Company and all other entities as required by contract as additional insureds on a primary and noncontributory basis, and provide evidence of such status via the additional insured endorsement CG 2010 11/85 or its equivalent.</u>[2]

**Subcontractor's Policy shall NOT contain the following exclusions:**

---

[2] Emphasis added.

- Must not contain any exclusions or limitations of coverage because of Wrap-up exclusions or project specific exclusions.

***

**The Accident Fund Policy**

30. The Accident Fund issued a commercial general liability policy to named insured CRSG bearing policy number FTL 1000016-00, effective May 22, 2019 to May 22, 2020, with limits of $2,000,000 per occurrence and $4,000,000 general aggregate.

31. Upon information and belief, the Accident Fund Policy includes an additional insured endorsement entitled "**ADDITIONAL INSURED—OWNERS, LESSEES OR CONTRACTORS—SCHEDULED PERSON OR ORGANIZATION**," which provides in part:

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| See Supplemental Schedule Attached Hereto Form CG 20 10 04 13 | |

A. **Section II-Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf

In the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

However:

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and

7

2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broadened than that which you are required by the contract or agreement to provide for such additional insured.

B. With respect to the insurance afforded to these additional insureds, the following exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed.

2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

C. With respect to the insurance afforded to these additional insureds, the following is added to **Section III-Limits Of Insurance:**

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

1. Required by the contract or agreement; or

2. Available under the applicable Limits of Insurance shown in the Declarations;

whichever is less.

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

**SCHEDULE OF CG 20 10 04 13**

| Name of Additional Insured Person(s) or Organization(s) | Location(s) Of Covered Operations |
|---|---|
|  |  |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

***

8

32. Upon information and belief, the Accident Fund Policy contained an endorsement entitled "**PRIMARY AND NON-CONTRIBUTING INSURANCE**". This endorsement provides:

| Name Of Additional Insured Person(s) or Organization(s) | Location(s) of Covered Operations |
|---|---|
| Where required by written contract | |

A. The following is added to **Section IV-Commercial General Liability Condition**s,

Paragraph 4:

4. Other Insurance

d. Notwithstanding the provisions of sub-paragraphs a, b, and c of this paragraph 4, with respect to the Entity shown above, it is understood and agreed that in the event of a claim or "suit" arising out of the Named Insured's negligence, this insurance shall be primary and any other insurance maintained by the Entity above shall be excess and non-contributory.

The Entity to whom this endorsement applies is:

Absence of a specifically named Entity above means that the provisions of this endorsement apply "as required by written contractual agreement with any Entity for whom you are performing work."

***

**The Zurich Policy**

33. Zurich issued a commercial general liability policy to named insured, Gilbane, under policy number GLO 0122244-00, effective March 13, 2017 to March 13, 2022 ("Zurich Policy").

34. Zurich is defending Gilbane and JEMB in the Dasilva Action under the Zurich Policy.

9

**Tender Correspondence**

35. Zurich tendered the Dasilva Action to Accident Fund on February 23, 2022.

36. Accident Fund's third-party administrator, Fortegra, denied the tender by correspondence dated April 26, 2022.

37. Zurich sent further correspondence to Fortegra on April 28, 2022.

38. Zurich sent a final push-back letter to Fortegra on May 26, 2022.

39. On August 31, 2022, Coughlin Midlige & Garland LLP, as counsel for Zurich, wrote to Fortegra as third-party administrator for Accident Fund and requested that Accident Fund reconsider its denial.

40. Accident Fund has not responded.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment—Additional Insured Status)

41. Zurich repeats, reiterates, and realleges each and every allegation set forth in Paragraphs 1 through 40 as if fully set forth herein.

42. The Subcontract provides that the Zurich Insureds must be named as additional insureds on CRSG's CGL policy.

43. Accident Fund has conceded that the entities to be named as additional insureds must be required by written contract.

44. To date, Accident Fund has failed to acknowledge its obligation to provide coverage to the Zurich Insureds as additional insureds under the Accident Fund Policy for the claims made in the Dasilva Action.

45. There is a present and actual dispute and controversy between Zurich and Accident Fund concerning the additional insured status of the Zurich Insureds for the claims made in the Dasilva Action under the Accident Fund Policy.

46. A resolution of this dispute is necessary to resolve the defendant's obligation to defend and indemnify the Zurich Insureds in the Dasilva Action, and to reimburse Zurich for any attorneys' fees and expenses incurred under the Zurich Policy in the defense of the Zurich Insureds in the Dasilva Action.

47. Therefore, Zurich seeks a judicial determination and declaration that the Zurich Insureds are additional insureds under the Accident Fund Policy.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Declaratory Judgment—Duty to Defend)**

48. Zurich repeats, reiterates, and realleges each and every allegation in paragraphs 1 through 47 as if fully set forth herein.

49. Under the terms of the Accident Fund Policy, and pursuant to the insurance procurement provision of the Subcontract, Accident Fund has an obligation to defend the Zurich Insureds for the claims made in the Dasilva Action on a primary and non-contributory basis.

50. To date, Accident Fund has denied an obligation to defend the Zurich Insureds in the Dasilva Action on a primary and non-contributory basis.

51. There is a present and actual dispute and controversy between Zurich and Accident Fund regarding Accident Fund's obligation to defend the Zurich Insureds in the Dasilva Action, and to reimburse Zurich for any attorneys' fees and expenses incurred under the Zurich Policy in the defense of the Zurich Insureds in the Dasilva Action.

52. A resolution of this dispute is necessary to resolve Accident Fund's obligation to defend the Zurich Insureds in the Dasilva Action and to reimburse Zurich for fees and expenses which it has expended for the defense of the Zurich Insureds in the Dasilva Action.

53. Therefore, Zurich seeks a judicial determination and declaration that Accident Fund is obligated to defend the Zurich Insureds in the Dasilva Action on a primary and non-contributory basis under the Accident Fund Policy.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Declaratory Judgment—Duty to Indemnify)

54. Zurich repeats, reiterates, and realleges each and every allegation in paragraphs 1 through 53 as if fully set forth herein.

55. Pursuant to the terms of the Accident Fund Policy, Accident Fund has an obligation to indemnify the Zurich Insureds as an additional insured, on a primary and non-contributory basis, for liability that is determined in the Dasilva Action that falls within the scope of the additional insured coverage provided to the Zurich Insureds under the Accident Fund Policy.

56. To date, Accident Fund has denied or otherwise failed to acknowledge an obligation to indemnify the Zurich Insureds with respect to the Dasilva Action.

57. There is a present and actual dispute and controversy between Zurich and Accident Fund regarding Accident Fund's obligation to indemnify the Zurich Insureds with respect to any determined liability in the Dasilva Action that falls within the scope of the additional insured coverage granted to the Zurich Insureds under the Accident Fund Policy.

58. A resolution of this dispute is necessary to resolve Accident Fund's obligation to indemnify the Zurich Insureds with respect to the Dasilva Action.

59. Therefore, Zurich seeks a judicial determination that Accident Fund is obligated to indemnify the Zurich Insureds on a primary and non-contributory basis, with respect to any liability in the Dasilva Action that falls within the scope of the additional insured coverage provided to the Zurich Insureds under the Accident Fund Policy.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (Declaratory Judgment—Reimbursement of Defense Costs Paid by Zurich)

60. Zurich repeats, reiterates, and realleges each and every allegation in paragraphs 1 through 59 as if fully set forth herein.

61. Accident Fund has wrongfully failed to provide the Zurich Insureds with a defense for the claims made in the Dasilva Action.

62. Accident Fund's failure to provide a defense to the Zurich Insureds on a primary and non-contributory basis for the claims made in the Dasilva Action violates the terms of the Accident Fund Policy.

63. As a direct and proximate result of Accident Fund's failure to provide a defense in violation of their obligations set forth in the Accident Fund Policy, Zurich has incurred and will incur defense costs and expenses on behalf of the Zurich Insureds in the Dasilva Action.

64. There is a present and actual dispute and controversy between Zurich and Accident Fund regarding Accident Fund's duty to reimburse Zurich for expenses and defense costs incurred on behalf of the Zurich Insureds in the Dasilva Action.

65. Accordingly, this court should award Zurich, and order Accident Fund to pay, all amounts that Zurich has incurred or will incur in the defense of the Zurich Insureds in the Dasilva Action.

**WHEREFORE**, Zurich respectfully requests that the court enter a judgment as follows:

a. On the First Cause of Action, for a judgment declaring that the Zurich Insureds qualify as additional insureds under the Accident Fund Policy in connection with the Dasilva Action;

b. On the Second Cause of Action, for a judgment declaring that Accident Fund must defend the Zurich Insureds as additional insureds on a primary and non-contributory basis;

c. On the Third Cause of Action, for a judgment declaring that Accident Fund must indemnify the Zurich Insureds, on a primary and non-contributory basis, for liability within the scope of the additional insured coverage granted to the Zurich Insureds under the Accident Fund Policy;

d.  On the Fourth Cause of Action, for a judgment awarding money damages to Zurich against Accident Fund for all defense costs incurred by Zurich in the defense of the Zurich Insureds in the Dasilva Action, plus prejudgment interest from the date of payment of such costs; and

e.  For such other and further relief as the court deems just and proper.

Dated: New York, New York  **COUGHLIN MIDLIGE & GARLAND LLP**
November 4, 2022

By: _/s/Gabriel E. Darwick_
Gabriel E. Darwick, Esq.
Jourdan Dozier, Esq.
Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
(212) 483-0105
gdarwick@cmg.law
jdozier@cmg.law

*Attorneys for Plaintiff,*
*Zurich American Insurance Company*