# BRODY, O'CONNOR & O'CONNOR, ESQS.
### ATTORNEYS AT LAW
### 535 EIGHTH AVENUE, 19th FLOOR
### NEW YORK, NEW YORK 10018

| | | |
|---|---|---|
| SCOTT A. BRODY◆ | --------------------------------- | SUFFOLK OFFICE: |
| THOMAS M. O'CONNOR★ | (212) 233-2505 | ------- |
| PATRICIA A. O'CONNOR | FAX (212) 233-2506 | 7 Bayview Avenue |
| AISHA K. BROSNAN | | Northport, New York 11768 |
| MAGDALENE P. SKOUNTZOS+ | | (631) 261-7778 |
| ADAM FRANK | | (631) 261-6411 |
| PATRICK M. CARUANA+ | | |
| RICHARD HARMS | | |
| MICHAEL J. BURKE★ | | |
| LESLEY C. SISKIND | | |
| MICHELLE CALLNER | | |
| ____ | | |
| TANYA M. DeMAIO | | OF COUNSEL |
| THOMAS S. REILLY | | CRAIG J. TORTORA |
| JOHN R. PETROWSKI | | ROBERT C. POLIZZO, JR. |
| MICHAEL FEINER | | RICHARD SHERIDAN |
| NISHI RAJAN | | |
| JOSEPH T. O'CONNOR | | |
| ANN MARIE KHADOO | | |
| SARA I. TOMANIO | | |
| MARY A. BOLEN# | | |
| ANDREW WIENER^ | | |
| ROBERT M. CONTI | | |
| KRISTINE TAYLOR | | |
| SHAUN T. WEBER | | |
| ANDREW HOWARD | | |
| ASHLEY PLOTKIN- | | |

◆ Also Admitted to Florida Bar-Inactive
★ Also Admitted to Connecticut Bar
+ Also Admitted to New Jersey Bar
- Admitted to New Jersey Bar
# Admitted to Nevada Bar
^ Also Admitted to California Bar-Inactive

June 21, 2023

**Via ECF**
Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Zurich American Insurance Company v. Accident Fund Insurance Company of America*
      United States District Court – Eastern District of New York
      **Index No.: 1:22-cv-06739**

Dear Magistrate Judge Kuo:

  Please be advised that our firm represents the Defendant, Accident Fund Insurance Company of America in the above-referenced matter. At the outset, please allow me to apologize to the Court for the slight delay in providing the within correspondence to the Court. I am currently on trial in Supreme Court, New York County in the matter of *Beadell, Virginia, A., et al., v. Eros Management Realty, LLC, et al.,* Index # 159152/2017, and I misdiaried the date of the response believing it due today. I have received notification of the Pre-Motion Conference and have diaried same. While I do not believe there is discovery due on this case which would prevent the filing of the motion, I briefly wish to make the Court aware of the following position we take and the status of the underlying case.

**BRODY, O'CONNOR & O'CONNOR, ESQS.**
**ATTORNEYS AT LAW**

**Mag. Judge. Peggy Kuo**
**June 21, 2023**
**Page 2 of 3**

   As you are aware, the underlying action surrounds a claim by Cleidison Madeira Dasilva, against Gilbane Building Company ("Gilbane"), Rossi Corporation,1 Construction Realty Safety Group, Inc. ("CRSG"), and JEMB Albee Square, LLC ("JEMPB") in Supreme Court of the State of New York, County of Kings, under Index No. 526129/2019 ("Underlying Action"). Currently in that action, the parties have moved for summary judgment. Those motions are returnable July 20th, 2023. It is respectfully submitted that if the lower Court were to dismiss CRSG from the action on the grounds that the accident does not arise from the limited contractual duties of CRSG as a matter of law. that determination would be material as to the duty to defend in this action.

   New York courts have consistently held that certain additional insured endorsements afford additional insured coverage solely for the alleged additional insured's vicarious liability proximately caused by the acts or omissions of the named insured, i.e. TT Mechanical. *See Ohio Sec. Ins. Co. v. Travelers Indem. Co.,* 2021 U.S. Dist. LEXIS 38292 (S.D.N.Y. Mar. 1, 2021); *Tishman Techs. Corp. v. Travelers Indem. Co. of Am.,* 161 A.D.3d 517, 518-19 (1st Dep't 2018); *Hunter Roberts Constr. Grp., L.L.C v. Travelers Indem. Co.,* 2015 N.Y. Misc. LEXIS 3977 (NY Sup Ct NY Cty Oct. 15, 2015); *Fireman's Fund Ins. Co. v. Travelers Cas. Ins. Co. of Am.,* 2017 N.Y. Misc. LEXIS 1902 (NY Sup Ct NY Cty May 15, 2017). The New York Court of Appeals has expressly held that "caused by" "materially differ[s]" from "arising out of' and requires that the named insured "be the proximate cause of the injury giving rise to liability." *Burlington Ins. Co. v. New York City Tr. Auth.,* 29 N.Y.3d 313, 323-24 (2017).

   CRSG's trade contract to provide certain site safety services with Gilbane has an extremely limited scope by intention of the parties. Rather than a broad indemnity provision, it has an indemnity provision which is designed to prevent it from being responsible for every accident that arises on the project, but only those "arising out of or resulting from the performance or failure in performance of [CRSG's] work under this Agreement provided that any such claim, damage, loss or expense is attributable to bodily injury … to the extent caused by the negligent act or omission of the Trade Contractor…".

   In New York, where a Site Safety Manager, such as CRSG, lacks the requisite authority to control the conduct of work at the project to the extent it's contracted work did not call for it to correct unsafe work conditions, courts have for the most part dismissed such claims. *Martinez v. 342 Property LLC*, 89 A.D.3d 468, 932 N.Y.S.2d 454 (1st Dept., 2011). Because CRSG was neither an owner nor prime contractor at the work site, it should not be responsible to Plaintiff unless it functions as an agent of one or both in circumstances where it had the ability to control the activity which brought about the injury. *Walls v. Turner Constr. Co.*, 4 N.Y.3d at 863–864, 798 N.Y.S.2d 351, 831 N.E.2d 408. Further, an agent's liability is limited "to those areas and activities within the scope of the work delegated or, in other words, to the particular agency created". *Russin v. Louis N. Picciano & Son*, 54 N.Y.2d at 318, 445 N.Y.S.2d 127, 429 N.E.2d 805.

   Here, neither the intent of the parties nor the Accident Fund policy was designed to cover JEMB or Gilbane for accidents that did not arise from CRSG's negligence, and all investigation provided to Accident Fund to date confirms the accident did not arise from CRSG's negligence.

---

1 On November 2, 2022, Rossi Corporation was discontinued via stipulation from the Underlying Action.

**BRODY, O'CONNOR & O'CONNOR, ESQS.**
**ATTORNEYS AT LAW**

Mag. Judge. Peggy Kuo
June 21, 2023
Page 3 of 3

      We thank the Court for its consideration.

                          Very truly yours,

                          BRODY, O'CONNOR & O'CONNOR, ESQS

                          Scott A. Brody

SAB/tah

cc:    *Via ECF*
       Coughlin Midlige & Garland LLP
       Attn.: Gabriel E. Darwick, Esq. and Jourdan Dozier, Esq.
       *Attorneys for Plaintiffs*
       Wall Street Plaza
       88 Pine Street, 28th Floor
       New York, NY 10005
       (212) 483-0105
       gdarwick@cmg.law
       jdozier@cmg.law